ROE, ras. ejector, B. H. CAMERON et al., plaintiff in error, v. DOE, ex dem., KERSEY et al., defendants in error.

(Atlanta, June Term, 1870.)

[When this cause was argued BROWN, C. J., was absent.]

EVIDENCE—INTRODUCTION OF COPY OF GRANT—LAYING FOUNDATION.—When a party seeks to introduce the copy of a grant in evidence, he must make oath that the original is not in his power or possession, and that he does not know where it is, in order to lay the foundation for the introduction of such copy in evidence to the jury.

Ejectment. Evidence. Before Judge Clark. Lee Superior Court. September Term, 1869.

Cameron v. Kersey

This was ejectment in favor of Doe upon the several demises of Joseph Thompson, Joseph Little, Alfred Kersey et al., against Roe, casual ejector, William McAffee and Benjamin Cameron, tenants in possession, for land lot number one hundred and seventy-four, in the thirteenth district of Lee county.

On the trial, plaintiff's attorney testified that the original plat and grant for said lot was not in his power, custody or control, that he never called upon the defendants for it, nor did he give them notice to produce it, and that he had an interest in said land. Upon this he tendered in evidence a copy grant in the usual form, showing that the State granted said lot to Joseph Thompson, on the 12th of February, 1836. Counsel for defendant objected to this secondary evidence, because the original was not properly accounted for. The objection was overruled, and the copy grant was read in evidence.

*After other proceedings, not material here, the jury found for plaintiff the premises in dispute, with $1,000 00 for mesne profits. Defendants' counsel moved for a new trial upon the ground that the Court erred in allowing said copy grant to be read in evidence, and other grounds not material here. The Judge refused a new trial, and that is assigned as error.

When the cause was called here, counsel for defendants in error moved to dismiss it, upon the ground that it was res adjudicata, by the case of Gardner et al., v. Kersey et al., 39th Georgia Reports. The Court ordered the argument to proceed.

Vason & Davis, Lochrane & Clark, for plaintiff in error.
Hawkins & Burke, for defendant.

WARNER, J.

When a party seeks to introduce the copy of a grant in evidence, the 43d Rule of Court requires that he shall make oath that the original is not in his power or possession, and that he does not know where it is, in order to lay the foundation for the introduction of such copy in evidence to the jury. The plaintiff did not comply with this rule of the Court, and it was error in allowing the copy grant to be read in evidence on the statement made for that purpose. The rules of the Court in regard to the admission of secondary evidence, involves a question of practice, which should be adhered to, so that the practice in the Courts may be uniform and understood by the profession. The published rules of the Court is the law of the Court. Let the judgment of the Court below be reversed.